# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6228 | **DATE** | 10/3/2011 |
| **CASE TITLE** | Williams vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Vincent Williams's Motion to Proceed *In Forma Pauperis* is denied [4], and his case is dismissed as it fails to state a claim upon which relief may be granted.

■[ For further details see text below.]

Docketing to mail notices.
Mailed AO450 form.

## STATEMENT

     Pro se Plaintiff Vincent Williams has filed what appears to be a class action complaint alleging a civil rights conspiracy by Defendants City of Chicago, Richard M. Daley, Chicago Public Schools, Tim Martin, and P.H. Schwendener, Inc. to exploit and defraud African-Americans and African-American-owned businesses. Williams, an African-American, alleges that he once owned a business named Citizens Electric, and that Defendants' actions led to the destruction of his business and other minority-owned businesses while fostering an environment that allows non-minority-owned businesses to thrive. He seeks $100 million in damages for himself and his class that appears to be African-American-owned businesses.

     To authorize Williams to proceed *in forma pauperis*, the Court must make two determinations: (1) whether Williams cannot pay the costs of the case; and (2) whether the case is frivolous or in bad faith. 28 U.S.C. § 1915(a). To prevent abuse of the *in forma pauperis* procedure, a district court has the power to dismiss a frivolous or malicious case, or one that fails to state a claim on which relief may be granted. *Id*. § 1915(e)(2)(B). The Court uses a less stringent standard in determining if a pro se litigant has sufficiently pled pauper status. *See Haines v. Kenner*, 404 U.S. 519, 520 (1972).

     As an initial matter, the Court finds that Williams has demonstrated that he cannot pay the filing fees for this case. However, his case appears to be frivolous and must be dismissed. In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must "include sufficient facts to state a claim for relief that is plausible on its face." *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009). A pleading must set forth "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for relief sought." Fed. R. Civ. P. 8(a). The Court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences in a light favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). While a notice pleading system is still in place after *Twombly* and *Iqbal*, a plaintiff must still "give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank*, N.A., 614 F.3d 400,

| STATEMENT |
|---|
| 404 (7th Cir. 2010).
      Here, Williams lists a number of defendants (and fails to identify who Defendants Tim Martin and P.H. Schwendener are), and accuses them of a pattern of corruption and engaging in a conspiracy that has harmed African-Americans and African-American-owned businesses. While the Court recognizes that significant socio-economic issues exist in Chicago's minority communities, Williams's Complaint fails to state any facts or create any plausible scenario that would establish a cognizable federal cause of action against the named defendants that stems from their actions in relation to these problems in the African-American community. As such, his motion to proceed *in forma pauperis* is denied and his case is dismissed for failing to state a claim for relief. |